IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-197-JG

| | | |
|---|---|---|
| JOHN W. MOBLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This case, an appeal from denial of Social Security benefits, comes before the court on the motion (D.E. 32) by plaintiff John W. Mobley, Jr. ("plaintiff") to recover attorney's fees and costs from defendant Commissioner of Social Security ("Commissioner"), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA's applicability to Social Security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988).

Litigants are considered "prevailing parties" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988). In Social Security appellate litigation, a party obtaining "a sentence four [42 U.S.C. § 405(g)] remand order" from a denial of benefits satisfies the prevailing party threshold. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Here, by order entered 12 January 2016 (D.E. 30), the court allowed plaintiff's motion for judgment on the pleadings (D.E. 26) and remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff is therefore the prevailing party. In his motion, he seeks fees in the amount of $6,146.04. (Mot. ¶ 9). The Commissioner and plaintiff thereafter consented to an award of $5,500.00 of attorneys' fees in full and final settlement. (*See* D.E. 33). The court finds the amount consented to to be reasonable.

It is therefore ORDERED that:

1. The Commissioner shall pay $5,500.00 in attorney's fees associated with this case in full satisfaction of any and all claims arising under the EAJA.

2. Provided that the award to plaintiff is not subject to the Treasury Offset Program ("Program"), payment shall be made by check payable to plaintiff's counsel, Jonathan P. Miller, Jr., and mailed to him at the following address pursuant to plaintiff's assignment to his attorney of his right to payment of attorney's fees under the EAJA:

> The Law Offices of Jonathan P. Miller
> 1213 Culbreth Drive
> Wilmington, NC 28405

3. If the award is subject to the Program, the balance shall be mailed to Attorney Miller at the above address and the check made payable to him if allowed by the Program.

SO ORDERED, this 13 day of April 2016.

James E. Gates
United States Magistrate Judge